**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1586-16T4

MAURICE RAGLAND,

    Plaintiff-Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Defendant-Respondent.

_____

        Submitted September 21, 2018 – Decided September 27, 2018

        Before Judges Rothstadt and Gilson.

        On appeal from the New Jersey Department of Corrections.

        Maurice Ragland, appellant pro se.

        Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Erica R. Heyer, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Maurice Ragland, an inmate, challenges an August 26, 2016, decision by the Department of Corrections (Department) that he was guilty of prohibited act *.005, "threatening another with bodily harm or with any offense against his or her person or his or her property." N.J.A.C. 10A:4-4.1(a).[1] We affirm.

Our role in reviewing a prison disciplinary decision is limited. Figueroa v. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). We will not disturb the administrative agency's determination unless it is arbitrary, capricious, or unreasonable. Ibid. N.J.A.C. 10A:4-9.15(a) requires that "a disciplinary hearing officer's adjudication that an inmate committed a prohibited act . . . be based on substantial evidence in the record." Id. at 191. "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

On April 17, 2016, appellant authored two emails to his sister from his Jpay account. In the first email, he wrote in part:

---

[1] Effective January 3, 2017, N.J.A.C. 10A:4-4.1 was substantially rewritten. 49 N.J.R. 105(a) (Jan. 3. 2017) (adopted); 48 N.J.R. 915(a) (June 6, 2016) (proposed). The new citation for prohibited act *.005, now considered a Category B offense, is N.J.A.C. 10A:4-4.1(a)(2)(ii). However, the new regulations do not apply to this matter.

IF ANYTHING HAPPENS TO MOM, U ALL WILL SUFFER AT HER FUNERAL! IS A THREAT!

I DO HAVE CANCER N WHEN THEY GET ME HOME N IT'S CONFIRMED, UR A** IS FINISHED N ALL THOSE AROUND U!  A THREAT!

I THREATEN THOSE THAT I WANT SO BAD TO GET RID OF . . . .

U DO OWE ME, U OWE ME UR LIFE . . . IF U DID NOT PAYY FOR MY LAWYER OR HELPED ME GET HIM AFTER ALL U DID TO ME, I PROMISE U SOMEONE IF NOT ME WILL SEND YOU TO UR MAKER N ALL THOSE AROUND U.

In the second email, he wrote:  "U CAN'T HURT ME YO, BUT I CAN HURT U!  I WILL NOW CHANGE UR WHOLE LIFE THAT EASY N SIMPLE!"  Based on the threats in the emails, appellant was charged with a *.005 violation.

Appellant pled not guilty, and told the disciplinary hearing officer (DHO) that he was just asking his sister to stop contacting him.  Relying on "the content of the email . . . as threatening regardless of what [was in] the conversation not shown" between appellant and his sister, the DHO found appellant guilty and imposed disciplinary sanctions.

Appellant filed an administrative appeal in which he stated:

> . . . The threat was made to my sister, not against staff or another inmate. . . . Please review my last five responses to my sister's emails.  I asked her several

3

A-1586-16T4

times to stop emailing me N to delete herself from my Jpay account cause I couldn't delete her from my side . . . . If I could have deleted her prior to the threat I would have as evidence by me asking her to delete herself.

The Department upheld the DHO's decision, finding that it "was based upon substantial evidence," and that "[t]he sanction imposed was proportionate to the offense." This appeal followed.

Appellant first argues that he was denied his due process rights to gather and present material evidence of the five prior emails he had sent to his sister. He claims that those emails would have given the DHO a better understanding of his relationship with his sister and would have shown that he simply was asking his sister to stop communicating with him and to delete herself from his Jpay account, since he was unable to remove her.

Appellant's subjective intent behind his emails is not dispositive. An inmate charged with *.005 violation is guilty if "on the basis of an objective analysis[,] . . . the remark conveys a basis for fear." Jacobs v. Stephens, 139 N.J. 212, 222 (1995). The emails contained appellant's threats to hurt and kill his sister. In his appeal to the Department, appellant acknowledged that he threatened her. Thus, he was not denied due process as those emails constituted

4

substantial evidence on their own to objectively convey a basis for fear and lead to a finding of guilt.

Appellant also argues, for the first time on appeal, that the sanctions imposed were excessive. "Normally, we do not consider issues not raised below at an administrative hearing." In re Stream Encroachment Permit, 402 N.J. Super. 587, 602 (App. Div. 2008) (citing Bryan v. Dep't of Corr., 258 N.J. Super. 546, 548 (App. Div. 1992)). In declining to address this issue, we note that it does not involve a jurisdictional question or a matter of great public interest. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). Moreover, the sanctions appellant received do not exceed the regulatory limits in effect at the time of the Department's decision.

Finally, appellant raises various procedural issues for the first time in his reply brief. We will not address these arguments. It is improper for a party to use a reply brief to raise issues for the first time. State v. Smith, 55 N.J. 476, 488 (1970); L.J. Zucca, Inc. v. Allen Bros. Wholesale Distribs. Inc., 434 N.J. Super. 60, 87 (App. Div. 2014). Moreover, appellant received the limited process to which he was due. See Avant v. Clifford, 67 N.J. 496, 522, 529 (1975); N.J.A.C. 10A:4-9.13(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1586-16T4